IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JONATHAN F. RAMOS,

                    Plaintiff,                              **8:23CV280**

          vs.

ADVANCE SERVICES, INC.,                          **MEMORANDUM AND ORDER**

                    Defendant.

          Plaintiff, Jonathan F. Ramos, sues Advance Services, Inc. and Advance Services (jointly, "ASI") for alleged disability discrimination.  The matter comes before the Court for initial review of the Amended Complaint, Filing No. 9, pursuant to 28 U.S.C. § 1915(e)(2).  For the reasons stated herein, the matter will proceed to service of process.

**I.      BACKGROUND**

          Ramos filed his original Complaint on June 26, 2023.  Filing No. 1.  He alleged discrimination under Title VII; employment discrimination based on a disability under Title I of the ADA for ASI terminating him, failing to accommodate his disability, and retaliating against him; public-accommodations discrimination in violation of Title III of the ADA; and violation of the Nebraska Fair Employment Practices Act.  *See id.*  He sought relief in the form of damages as well as an order requiring ASI to undertake various actions, such as working with the Nebraska Commission for the Deaf and Hard of Hearing, having trainings for employees, and bringing an interpreter on-site.  *Id.* at 5.  The Court conducted an initial review of Ramos's Complaint on December 28, 2023, and determined Ramos failed to allege plausible claims for relief under Title VII and Title 1 of the ADA and Ramos had failed to state a claim upon which relief can be granted under Title III of the ADA.  Filing

No. 8 at 13.  The Court declined to address Ramos's pendent state law claims.  *Id.* at 11–12.  It gave Ramos leave to amend his Title VII and Title I ADA claims.  *Id.* at 14.  Ramos filed such an Amended Complaint on January 24, 2024.  Filing No. 9.

## II.     SUMMARY OF THE AMENDED COMPLAINT

In his Amended Complaint, Ramos sues Advance Services, Inc. and Advance Services which he labels as the "Headquarters," alleging employment discrimination under Title I of the Americans with Disabilities Act, ("ADA"), 42 U.S.C. § 12111 et seq. Filing No. 9 at 3.  Ramos is deaf and communicates via American Sign Language ("ASL"), with only limited ability to read and write English.  *Id.* at 4, 7.  Ramos alleges ASI provided unequal terms and conditions of his employment, failed to accommodate his disability, and terminated him because of his disability.  *Id.* at 4.

As previously stated in its first initial-review order, the Court gathers that ASI is an employment staffing agency located in Columbus, Nebraska, and it appears Ramos was employed by ASI in late 2021 until his termination on or about November 29, 2021.  *Id.* at 2, 8.  ASI placed Ramos with Becton, Dickenson ("BD") on or around June 25, 2021.  *Id.* at 7.

Liberally construed, Ramos's Amended Complaint alleges that ASI that failed to provide him with an ASL interpreter while he worked at BD even though it did provide interpreters for Spanish speakers.  *Id.*  Ramos reports Julie Luther, regional manager of ASI, told him that "English is enough," apparently justifying the lack of an ASL interpreter. *Id.* at 8.  Ramos asked about a recent Supreme Court case recognizing that ASL is a distinct language from English, but Julie told him it "[d]oesn't matter."  *Id.*  Because of the

lack of an interpreter, Ramos had a "hard time understand[ing] ASI . . . policy [including] job, quality, and safety" information. *Id.*

As of November 21, 2021, BD had not complained about Ramos and had in fact reported he was a "good worker." *Id.* Nevertheless, a week or so later, on November 29, Amy, an employee of ASI, texted Ramos that he was no longer working at BD. *Id.* at 7– 8. Ramos met with Amy who told him he had to find his own job; ASI would no longer work with him. *Id.* at 8. According to Ramos, ASI "d[id]n't want me because I am deaf and [have] limited English writ[ing]/read[ing]" ability. *Id.*

Ramos also reports that on one occasion, the date of which is unclear, his wife served as an interpreter during a conversation he had with Julie. *Id.* at 7. Julie said "bad stuff," threatened to call the police on Ramos, and said, "Deaf employment lazy." *Id.*

Ramos states he seeks the "same" relief, which the Court construes as referencing the same relief Ramos sought in his original Complaint[1]: namely, Ramos wants ASI to work with the Nebraska Commission for the Deaf and Hard of Hearing and Nebraska Vocational Rehabilitation, bring an interpreter to ASI "on the floor," and put on trainings for its employees. Filing No. 1 at 5. Ramos also seeks damages for harm to his career as a welder and because ASI took 10% of his pay. *Id.*

## III.    APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a

---

[1] Although Ramos was warned that an amended complaint would supersede, not supplement, his prior pleading, *see* Filing No. 8 at 14, in the interests of justice, the Court will consider the Amended Complaint as supplemental to the Complaint. *See* NECivR 15.1(b) (court may consider pro se litigant's amended pleading as supplemental to, rather than as superseding, the original pleading).

claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)).  However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## IV.     DISCUSSION OF RAMOS'S CLAIMS

Liberally construed, Ramos asserts ADA employment-discrimination claims for ASI terminating his employment, failing to accommodate his disability, and providing unequal terms and conditions of employment.  He no longer asserts claims under Title VII, Title I of the ADA, or NFEPA and he has also abandoned his ADA retaliation claim.  *See* Filing No. 9 at 4.

The ADA prohibits discriminating against a qualified individual because of his disability in the hiring, advancement, training, and termination of his employment.  *See*

4

42 U.S.C. § 12112(a).  An employee seeking relief under the ADA for discrimination must establish that: 1) he has a disability as defined in 42 U.S.C. § 12102(2); 2) he is qualified to perform the essential functions of the job, with or without reasonable accommodation; and 3) he has suffered an adverse employment action because of his disability.  *Walz v. Ameriprise Fin., Inc.*, 779 F.3d 842, 845 (8th Cir. 2015).  A person is disabled within the meaning of the ADA only if he demonstrates that he has a physical or mental impairment which substantially limits one or more of his major life activities, that he has a record of such an impairment, or that he is regarded as having such an impairment. *Amir v. St. Louis University*, 184 F.3d 1017, 1027 (8th Cir. 1999).  "Major life activities under the ADA are basic activities that the average person can perform with little or no difficulty, including 'caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working.'"  *Battle v. United Parcel Serv., Inc.*, 438 F.3d 856, 861 (8th Cir. 2006) (quoting 29 C.F.R. § 1630.2(I)).  "An adverse employment action is one that causes a material change in the terms or conditions of employment."  *Fenney v. Dakota, Minnesota & E. R. Co.*, 327 F.3d 707, 716 (8th Cir. 2003).

As to the first element, Ramos has sufficiently alleged he has a disability. Specifically, he states he is deaf and therefore cannot fully read, speak, or write English. Ramos alleges BD said he was a "good worker."  This is adequate to meet the second prong that Ramos was qualified to perform the essential functions of the job.  As to the third prong, Ramos alleges two adverse employment actions: ASI's inadequate training due to the lack of an ASL interpreter and his termination.  He has also now alleged a sufficient nexus between these adverse actions and his disability, unlike in his original Complaint.  Specifically, Ramos claims Julie Luther, ASI's regional manager, refused him

an ASL interpreter, stating "English is enough."  Ramos also claims that Julie said, "Deaf employment lazy."  While the timing and context of this statement are unclear, liberally construed, it could demonstrate that ASI believed Ramos was a bad employee because of his disability and terminated him as a result.

As to Ramos's claim that ASI failed to accommodate his disability, Ramos has also now pleaded adequate facts to support it.  To state a failure-to-accommodate claim, a plaintiff first "must establish both a prima facie case of discrimination based on disability and a failure to accommodate it." *Schaffhauser v. United Parcel Serv., Inc.*, 794 F.3d 899, 905 (8th Cir. 2015).  "The plaintiff then has the burden to show 'that the requested accommodation is reasonable on its face, i.e., ordinarily or in the run of cases.'" *Orr v. City of Rogers*, 232 F. Supp. 3d 1052, 1061 (W.D. Ark. 2017) (quoting *Peebles v. Potter*, 354 F.3d 761, 768 (8th Cir. 2004) (internal quotation marks omitted)).  An employer need only provide a reasonable accommodation, not necessarily the accommodation an employee requests or prefers.  *See, e.g.*, *Cravens v. Blue Cross & Blue Shield of Kansas City*, 214 F.3d 1011, 1019 (8th Cir. 2000).

As set forth above, Ramos has now sufficiently pleaded a prima facia case of disability discrimination.  He has also alleged that he requested a reasonable accommodation (an ASL interpreter), and ASI failed to provide him a reasonable accommodation.  He alleges ASI only allowed him to communicate by written English, which he claims was an insufficient accommodation due to his lack of English fluency.  These allegations are sufficient at the pleading states to state a plausible claim for ADA discrimination and failure to accommodate.

## V.    CONCLUSION

For purposes of initial review, Ramos's Amended Complaint, Filing No. 9, alleges plausible claims of ADA employment discrimination and failure to accommodate against ASI.  However, the Court cautions Plaintiff that this is only a preliminary determination based on the allegations found within the Complaint and supplemental Amended Complaint.  This is not a determination of the merits of Plaintiff's claims or potential defenses thereto.  This matter will proceed to service of process as set forth below.

IT IS ORDERED:

1.  This matter may proceed to service of process against Defendants Advance Services, Inc., and Advance Services.

2.  To obtain service of process on Advance Services, Inc. and Advance Services, Plaintiff must complete and return the summons forms that the Clerk of Court will provide.  The Clerk of Court shall send one summons form and one USM-285 form to Plaintiff, together with a copy of this Memorandum and Order.  Plaintiff shall, as soon as possible, complete the forms and send the completed forms back to the Clerk of Court.  In the absence of the forms, service of process cannot occur.

3.  Upon receipt of the completed forms, the Clerk of Court will sign the summons forms and forward them together with a copy of the Complaint, Filing No. 1, Amended Complaint, Filing No. 9, and a copy of this Memorandum and Order to the United States Marshals Service for service of process on Defendants Advance Services, Inc. and Advance Services.[2]  Service may be accomplished by using any

---

[2] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service.  *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013).  Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases."  *See Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d)

of the following methods: personal, residence, certified mail, or designated delivery service upon any officer, director, managing agent, or registered agent, or by leaving the process at Defendant's registered office with a person employed therein, or by certified mail or designated delivery service to Defendant's registered office.  *See* Federal Rule of Civil Procedure 4(e), (h); Neb. Rev. Stat. § 25-509.01 (Reissue 2016).

4. The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.

5. Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 90 days of filing the complaint.  However, Plaintiff is granted, on the Court's own motion, an extension of time until 90 days from the date of this order to complete service of process.  The Clerk of Court shall set a case management deadline accordingly.

6. Plaintiff is hereby notified that failure to obtain service of process on the Defendant within 90 days of the date of this order may result in dismissal of this matter without further notice.  A defendant has 21 days after receipt of the summons to answer or otherwise respond to a complaint.

7. Because this non-prisoner case is proceeding to service of process, and at the direction of the Court, this case is removed from the pro se docket.  The Clerk of Court shall randomly assign new judges to this case and shall request a reassignment order from the Chief Judge.

---

is compulsory); Fed. R. Civ. P. 4(c)(3) (court must order that service be made by United States Marshal if plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915).

8. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this Court.  Plaintiff shall keep the Court informed of his current address at all times while this case is pending.  Failure to do so may result in dismissal without further notice.

Dated this 29th day of May, 2025.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

9